IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

      Plaintiff,                      No. CIV S-07-2522 LKK GGH P

  vs.

SPRINT PCS, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a Shasta County Jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion he has entitled "motion for an emergency temporary injunction to defendant Parole Agent Abney to have no contact with plaintiff."

        In his underlying complaint, defendant Randy Abney is one of ten defendants. Plaintiff claims in his complaint that he is, inter alia, being subjected to harrassment by Abney and other defendants. See Complaint.

        In his putative request for a TRO, which the court will construe as a request for a preliminary injunction, plaintiff declares that defendant Abney is a "rogue" parole agent who has recently caused, in April, 2008, an increase in plaintiff's bail because Abney alleged (in court or elsewhere) that plaintiff has ties with Hell's Angels and that he had violated a civil TRO that plaintiff's wife had against plaintiff. Motion, p. 1. At the same time, plaintiff maintains that he

1

1  has been in jail since July, 2007.  Id. at 2.  Plaintiff contends that he has been arraigned in Shasta
2  County Superior Court on six felony counts of criminal threats and nine misdemeanor counts of
3  stalking.  Id. at 1-2.  Plaintiff states that it is due to defendant Abney's report, which were
4  referred to the district attorney that the current charges are pending against him.  Id. at 2.
5  Plaintiff also contends that defendant Abney is responsible for an "outlaw biker," and perhaps
6  another individual who is a member of the Hell's Angels, wanting to kill plaintiff, though he
7  does not clarify this claim.  Id.

8       Plaintiff claims that defendant Abney has never been plaintiff's parole agent and
9  asks the court either to temporarily order defendant Abney to have no contact with plaintiff,
10 including investigating plaintiff, or to issue a show cause order why there should not be an order
11 for defendant Abney to have no contact whatsoever with plaintiff and not to investigate him
12 beyond the criminal charges that are currently pending.  Id. at 2-3.

13 TRO

14      The purpose in issuing a temporary restraining order is to preserve the status quo
15 pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a
16 temporary restraining order due to the fact that very few such orders can be appealed prior to the
17 hearing on a preliminary injunction.  It is apparent, however, that requests for temporary
18 restraining orders which are not ex parte and without notice are governed by the same general
19 standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.
20 Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
21 Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
22 Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
23 emphasis of the court is directed to irreparable harm and the balance of hardships because the
24 merits of a controversy are often difficult to ascertain and adjudicate on short notice.

25 Preliminary Injunction Standard

26      The legal principles applicable to a request for injunctive relief are well established.

1 To prevail, the moving party must show either a likelihood of success on the merits and the
2 possibility of irreparable injury, or that serious questions are raised and the balance of hardships
3 tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,
4 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th
5 Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point
6 being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
7 formulation of the test, plaintiff must demonstrate that there exists a significant threat of
8 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
9 court need not reach the issue of likelihood of success on the merits.  Id.

10      In cases brought by prisoners involving conditions of confinement, any
11 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
12 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
13 correct the harm." 18 U.S.C. § 3626(a)(2).

14 Discussion

15      Plaintiff fails altogether to provide the court with any basis whatsoever to provide
16 any form of preliminary injunctive relief with his overly dramatic, thinly supported, confusing,
17 abbreviated, vague and conclusory allegations.  Nor does he even state that he has recently had
18 direct contact with defendant Abney or articulate a viable form of injunctive relief the court
19 could order.  If plaintiff believes himself to be in danger or subject to criminal wrongdoing, he
20 should notify the authorities who could conduct any appropriate criminal investigation.

21      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 9, 2008 (#
22 11), "emergency" motion for a TRO/preliminary injunction be denied.

23      These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  04/15/08

                                      /s/ Gregory G. Hollows
                                      _____
                                      UNITED STATES MAGISTRATE JUDGE

8  GGH:009
   jayn2522.fr