PERKINS COIE LLP
TROY P. SAURO, State Bar No. 224097
tsauro@perkinscoie.com
Four Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorney for Defendant
Sprint PCS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT PCS, et al.,<br><br>Defendants. | No. CIV S-07-2522 LKK GGH P<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPRINT'S MOTION TO DISMISS |

Defendant Sprint PCS (Sprint), by counsel, submits this memorandum in support of its Motion to Dismiss the claim of *Pro Se* Plaintiff Michael Aaron Jayne, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff admits in his Complaint that Sprint disclosed his cell phone records in response to a law enforcement emergency request. *See* Complaint, § IV, at 3. The Stored Communications Act (SCA), 18 U.S.C. § 2702(c)(4), permits service providers to disclose telephone records if they have a good faith belief that an emergency exists that requires disclosure. Further, the SCA provides complete immunity to Sprint and states that no cause of action lies against any carrier that discloses such information pursuant to a statutory authorization. 18 U.S.C § 2703(e). Accordingly, Plaintiff's claims against Sprint should be dismissed with prejudice.

## I.   FACTUAL BACKGROUND

Sprint is a wireless telecommunications company with customers in all fifty states, including California; Plaintiff was one of those customers. Plaintiff's Complaint contains a litany of allegations against Sprint's co-defendants, all of whom are alleged to be California law enforcement or corrections officers, but his allegations against Sprint are relatively concise.

In sum, on or about March 17, 2007, a woman named Shanda Kessler allegedly "went to Anderson police to file for a restraining order against the Plaintiff." *See* Complaint, § IV, at 2. Defendants Blunk, Collier and Anderson Police Dispatch then allegedly "coerced Miss Kessler into saying the Plaintiff held her against her will for 6 hours." *Id.* at 3. "Then these officers illegally sent a [sic] exigent circumstances request/demand to [Sprint] saying he was wanted for kidnapping and to provide his cell records and G.P.S. location without a warrant or real cause." *Id.* In response to the law enforcement representation of an exigent circumstance, Sprint then allegedly provided these records to the co-defendants based on what Plaintiff alleges was a "false and illegal pretense." *See* Complaint, § IV, at 3.

Sprint has no knowledge of the facts with regard to Plaintiff's interaction with law enforcement. Sprint takes the allegations as true, including Plaintiff's admission that law enforcement informed Sprint that an exigent circumstance existed that required disclosure of Plaintiff's phone records.[1]

Plaintiff's complaint was filed on November 26, 2007. Sprint waived service of the summons on May 20, 2008, and Sprint's response to the complaint is timely if filed on or before June 23, 2008.

---

[1] Sprint avers that it did in fact provide the records requested in reliance on the certification from Anderson Police that the records were necessary because of an exigent situation involving danger of death or serious physical injury to any person.

## II. ARGUMENT

### A. Governing Standard Under Rule 12(b)(6)

When adjudicating a motion to dismiss, a court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the complaint alleges enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Because Plaintiff is appearing *pro se*, the Court must construe the allegations of the complaint liberally and afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (en banc). It is not "proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, a defendant can raise an affirmative defense in a motion to dismiss if "the defense clearly . . . appear[s] on the face of the pleading." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (quoting 5 A C. Wright & A. Miller, Federal Practice and Procedure §1357, at 348-49 (2d ed. 1990).

Whether Plaintiff realizes it or not, he has alleged precisely the facts that establish by law that Sprint has no liability for the disclosure of his phone records in response to an emergency request from law enforcement, and therefore, the Complaint should be dismissed.

### B. Sprint is Immune from Suit under the SCA

The SCA prohibits "a provider of…electronic communication service to the public" from "knowingly divulg[ing] a record or other information pertaining to a subscriber to or customer of such service…to any governmental entity." 18 U.S.C. § 2702(a)(3). This provision of the SCA appears to be the basis for Plaintiff's claim against Sprint. However, the SCA also contains an exception to this general prohibition in emergency cases and provides for disclosure:

-3-

> to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of information relating to the emergency

18 U.S.C. § 2702(c)(4). Indeed, when a provider in good faith believes that an emergency exists, the statute also authorizes the disclosure of communications. 18 U.S.C. § 2702(b)(8).

When law enforcement informs a carrier that an emergency exists, and the carrier responds by disclosing records, the SCA further provides complete immunity for the carrier:

> No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, ***statutory authorization*****...**

18 U.S.C. § 2703(e) (emphasis added).

"Thus, a provider who discloses records or other information pursuant to the authorization contained in 18 U.S.C. § 2702(c)(4) in emergency circumstances has the same protection from lawsuits as a provider who discloses the records pursuant to a court order." *In re Application of U.S. For a Nunc Pro Tunc Order For Disclosure of Telecommunications Records*, 352 F.Supp.2d 45, 47 (D. Mass. 2005).

As a cell phone provider, Sprint is a provider of an "electronic communication service." *In re Applications of U.S. for Orders Pursuant to Title 18, U.S. Code Section 2703(d)*, 509 F.Supp.2d 76, 79 (D. Mass. 2007) (cell phone service providers "undisputedly" fit within the definition of provider of an "electronic communication service" in 18 U.S.C. § 2510(15)); *In re Application of U.S. for an Order for Prospective Cell Site Location Information on a Certain Cellular Telephone*, 460 F.Supp.2d 448, 459 (S.D.N.Y., 2006) (same). The records pertaining to Plaintiff that Sprint provided to law enforcement in this case also fall squarely within the scope of "record[s] or other information pertaining to a subscriber to or customer" of an electronic communication service. *In re Applications of U.S. for Orders Pursuant to Title 18, U.S. Code Section 2703(d)*, 509 F.Supp.2d at 79-80; *In re Application of U.S. for an Order for Prospective Cell Site Location Information on a Certain Cellular Telephone*, 460 F.Supp.2d at 459-61.

1  Furthermore, Plaintiff's admission that law enforcement provided an exigent circumstances form to Sprint unequivocally establishes that Sprint had a good faith belief that an emergency involving danger of death or serious physical injury justified disclosure of the allegedly requested information. *See, e.g., U.S. v. Beckett*, No. 07-80191-CR., 2008 WL 704363, at *2-3 (S.D. Fla. Mar. 12, 2008) (denying defendant's motion to suppress under the SCA where evidence was received in response to "exigent circumstance" letters the Government provided to electronic communication service providers).

### III. CONCLUSION

As an electronic communication service provider acting with a good faith belief based on the representation of law enforcement that an exigent circumstance existed, Sprint is immune from suit under the facts alleged in Plaintiff's complaint. Accordingly, Sprint respectfully requests that Plaintiff's claims against it be dismissed with prejudice.

DATED: June 23, 2008                               **PERKINS COIE LLP**

By: /s/ Troy P. Sauro
    Troy P. Sauro

Attorneys for Defendant
Sprint PCS

# PROOF OF SERVICE

I, Troy P. Sauro, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. On June 23, 2008, I served a copy of the within document(s):

**DEFENDANT SPRINT's MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| MICHAEL AARON JAYNE, T-22594<br>SHASTA COUNTY JAIL<br>1655 West Street<br>Redding, CA 96001<br>Plaintiff | MICHAEL AARON JAYNE<br>HIGHLAND DESERT STATE PRISON<br>P.O. Box 3030<br>Susanville, California 96127-3030<br>Plaintiff |
| JAMES A. WYATT<br>2130 Eureka Way<br>Post Office Box 992338<br>Redding, CA 96099-2338<br>(530) 244-6060<br>(530) 244-6069 (fax)<br>Attorney for Defendants<br>ANDERSON POLICE DEPARTMENT,<br>OFFICER STEVE BLUNK, and<br>OFFICER REGINA COLLIER | GARY BRICKWOOD<br>1135 Pine Street, Suite 210<br>Redding, CA 96001<br>(530) 245-1877<br>(530) 245-1879 (fax)<br>Attorney for Defendant<br>REDDING POLICE OFFICER LEVI SOLADA |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 23, 2008, at San Francisco, California.

/s/ Troy P. Sauro
Troy P. Sauro