1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL AARON JAYNE,

11            Plaintiff,                    No. 2:07-cv-2522 LKK KJN P

12       vs.

13   ANDERSON POLICE DEPT., et. al.,      <u>ORDER AND</u>

14            Defendant.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16           Plaintiff is a pretrial detainee, presently housed in the Shasta County Jail,

17   proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  There are

18   three named defendants remaining in this action:  Anderson Police Department, Anderson Police

19   Officer Blunk, and Anderson Police Officer Collier.[1]  On May 24, 2010, plaintiff filed a

20   document entitled "Emergency Motion for Referral to U.S. Marshals or U.S. Postal Service for

21   Mail Tampering. . . ."  (Dkt. No. 126.)

22           Plaintiff's motion alleges mail tampering and other claims concerning actions that

23   allegedly took place at the Shasta County Jail, where he is currently housed.  (<u>Id.</u>)

24   _____

25       [1] All other defendants were previously dismissed from this action.  (<u>See</u>, *inter alia*,
     February 20, 2009 Findings & Recommendations at 18; March 26, 2009 Order at 2.)  The Clerk
26   of Court will be directed to change the caption to reflect the remaining defendants.

I. Legal Standards for Injunctive Relief

Although plaintiff styles his motion differently, it effectively seeks a temporary restraining order, a preliminary injunction, or both.  A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[2] particularly when, as here, the motion has been served on the adverse party.  Local Rule 231(a).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

////

---

[2]  See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'")(citations omitted).

1    In addition, as a general rule this court is unable to issue an order against

2  individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine

3  Research, Inc., 395 U.S. 100 (1969).[3]

4  II.  Motion Concerning Specific Incident of Mail Tampering

5    With regard to plaintiff's opposition to the pending motion to dismiss, plaintiff

6  contends that on or about April 4, 2010, jail officials at the Shasta County Jail "stole over 50 plus

7  pages," "systematically shuffled all of the filing," and "delayed it from going out for 3 plus

8  weeks."  (Mot. at 2.)  He contends the Clerk of Court did not receive his filing until May 7, 2010.

9  (Id.)

10    Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518

11  U.S. 343, 346 (1996).  To establish a violation of this right, an inmate must show "actual injury,"

12  defined as "actual prejudice with respect to contemplated or existing litigation, such as inability

13  to meet a filing deadline or present a claim."  Id. at 348 (citation and internal quotations omitted).

14  In addition, in order to obtain a preliminary injunction plaintiff must offer evidence that he will

15  be irreparably injured without the injunction.  Johnson v. California State Bd. of Accountancy,

16  72 F.3d 1427, 1430 (9th Cir. 1995).  "Courts generally do look at the immediacy of the

17  threatened injury in determining whether to grant preliminary injunctions."  Privitera v.

18  California Bd. Of Medical Quality Assurance, 926 F.2d 890, 897 (9th Cir.1991) citing Caribbean

19  Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("a plaintiff must

20  demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

21  ////

22

23    [3]  The fact that injunctive relief is sought from one not a party to litigation does not
automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a), permits

24  the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and

25  preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289
(9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in

26  appropriate circumstances against persons or entities not a party to the underlying litigation.
United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1          Here, although plaintiff could have suffered initial injury to his access to the

2  courts by the delayed receipt of his second opposition, the filing of his initial opposition was also

3  hindered by the erroneous return of the opposition by the docket clerk.  (May 28, 2010 Order at

4  1-2.)  Because the initial filing was returned, this court has no record by which to compare the

5  initial submission to the subsequent submission.  Plaintiff's May 24, 2010 opposition appears to

6  contain all of the exhibits appended to plaintiff's initial submission.  (May 28, 2010 Order at 2.)

7  In light of these circumstances, this court vacated the pending findings and recommendations and

8  deemed plaintiff's May 24, 2010 opposition as timely-filed.  (Id.)

9          Thus, plaintiff cannot demonstrate actual injury as required under Lewis v. Casey,

10  518 U.S. at 348, for the alleged April 4, 2010 incident of mail tampering.  Plaintiff's motion

11  concerning mail tampering should be denied.

12  III.  Other Requests Contained in Pending Motion

13          Plaintiff's motion also raises generalized allegations concerning mail screening,

14  video recording of plaintiff, allegedly recording plaintiff while he talks with his defense lawyer,

15  and plaintiff "being recorded using the restroom and showering."  (Mot. at 3.)  Plaintiff alleges

16  Captain Donald Van Buskirk and Sgt. Carl Champagne of the Shasta County Jail are responsible

17  for these actions.  (Id.)

18          Plaintiff concedes he has brought these matters to the attention of his criminal

19  defense lawyer.[4]  Plaintiff contends, however, that "the superior court and all other law

20  enforcement agencies in Shasta County will not investigate the Sheriff's Department further

21  without this court's intervention and referral to the proper agency or the U.S. Department of

22  Justice."  (Mot. at 3.)

23          As noted above, the purpose of preliminary injunctive relief is to maintain the

24

---

25          [4]  Moreover, plaintiff was previously advised that "[i]f plaintiff believes himself to be in
    danger or subject to criminal wrongdoing, he should notify the authorities who could conduct any
26  appropriate criminal investigation."  (April 15, 2008 Findings and Recommendations at 3.)

4

1   status quo.

2           A preliminary injunction may not issue when is it not of the same
3   character as that which may be granted finally and when it deals
    with matter outside the issues in the underlying suit.

4   11A Wright & Miller § 2947 (2010).

5           The instant action is proceeding against three defendants in Anderson County, not

6   jail officials at the Shasta County Jail, and concern alleged actions in Anderson County in March

7   of 2007.  Thus, the allegations contained in the instant motion will not be given a hearing on the

8   merits at trial.  Further, the instant allegations concerning events at the Shasta County Jail do not

9   implicate this court's jurisdiction in a way that might justify application of the All Writs Act to

10  reach officials at Shasta County Jail who are not named in the underlying litigation.  See n.3,

11  supra.  For these reasons, plaintiff's motion for preliminary injunction should be denied.

12          Accordingly, plaintiff has failed to demonstrate that he is entitled to any

13  preliminary relief.  Plaintiff's motion should be denied without prejudice.

14          IT IS HEREBY ORDERED that the Clerk of the Court change the caption of the

15  case as set forth on page one above (see n.1 at 1.).

16          IT IS RECOMMENDED that plaintiff's May 24, 2010 motion for injunctive relief

17  be denied without prejudice.  (Dkt. No. 126.)

18          These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within fourteen days after service of the objections.  The parties are

24  ////

25  ////

26  ////

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  June 1, 2010

4

5

6                                                  _____

7                                                  KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE
8   jayn2522.pi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26